PERDUE *v.* ST. LOUIS SOUTHWESTERN RAILWAY COMPANY.

Opinion delivered March 18, 1907.

RAILROADS—NEGLIGENCE—DEFECTIVE CROSSING.—The mere fact that a spike which fastened a rail to a cross tie at a place on a public highway was allowed to become loose and work up half an inch, so that a mule caught his shoe therein and was injured, was not such evidence of negligence as would overcome a finding of the trial court that the railway company was not negligent.

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; affirmed.

*Taylor & Jones,* for appellant.

When a railroad company is occupying a public street in a city, it can permit nothing to remain in such street that is liable to injure property without being held guilty of negligence. It is the duty of a street railway so to maintain and operate its railroad as not to unnecessarily impede travel or obstruct the highway. Elliott on Roads and Streets, p. 579. A railroad using the street is under obligation to observe the rights of the public therein. 64 Ark. 538. The court should have permitted witness to testify that, with ordinary care on the part of the railroad employees, the condition of this spike could have been discovered.

*S. H. West* and *Bridges, Wooldridge & Gantt,* for appellee.

The duty which rests upon railroad corporations is simply to exercise common prudence and ordinary care and diligence in making the highway safe. 61 Ark. 141; 23 S. W. 817. They are not insurers of the safety of travelers. 61 Ark. 141. Something more than a defect in the railway track must shown. It must appear that the company knew of such condition, or else

that it was in possession of facts which would charge it with notice. 23 S. W. 817. No negligence is presumed; it must be alleged and proved. 3 Atl. 26; 99 N. Y. 654; 23 Am. & Eng. R. Cas. 317; 8 *Id.* 383.

RIDDICK, J. The plaintiff, J. A. Perdue, was engaged in the transfer business in the city of Pine Bluff. The defendant railway company operates a railroad passing along Third Avenue of that city. It also had a side track on a portion of that street. On the 21st day of August the plaintiff's agent drove a team and wagon to a car placed on the side track for the purpose of receiving and removing freight from the car. In leaving the car the driver turned the mules so that their forefeet came upon the main tract. One of the spikes which fastened the steel rails to the ties on which they rested at the point where the mules came upon the track had become loose and had worked up until the head of the spike stood about half an inch above the flange of the rail. The ball of the rail projected above the head of the spike, but one of the mules in turning stepped upon the spike, and the shoe on her foot was caught on the head of the spike or between it and the rail, and she was thrown forward, bending her leg over the rail, breaking or greatly injuring the joint above the hoof, so that the mule was unable to walk afterwards and became of no value.

Plaintiff brought this action to recover $285 damages resulting from the accident, which he alleged was caused by the negligence of the defendant in failing to keep its track in good repair at the place of the accident.

The case was submitted to the circuit judge without a jury, and he held that no negligence was shown, and found in favor of the defendant.

The facts are not disputed, but the case turns, not on a question of law, but upon inferences to be drawn from the facts in proof. There is really no dispute about either the facts or the law. The law exacts of railway companies whose tracks are laid along or across public streets that they shall use reasonable care and diligence in constructing and maintaining such tracts, so that the public, which has also the right to use the streets, may not be injured. But, while they are responsible for injuries to travelers caused by their negligence, "they are not

insurers of the safety of travelers, and are not bound to provide against anything that may happen on the highway, but only for such things as ordinarily exist or such as may reasonably be expected to occur." *St. Louis, I. M. & S. Ry. Co.* v. *Aven,* 61 Ark. 141; Elliott, Roads & Streets, p. 485. Now, we do not think that the court can say as a matter of law that the defendant company under the facts of this case was guilty of negligence. The mere fact that one of the spikes that fastened the rail to the tie at a place on a public highway was allowed to become loose and work up half an inch is not such conclusive evidence of negligence on the part of the company as to justify the court in saying as a matter of law that the defendant had been negligent. There is nothing to show how long the spike had been in that condition. So far as the evidence shows, it may have been loosened and drawn up by the rail springing back after some heavy train had passed over it a short time before the mule stepped upon it.

Different minds might reach different conclusions from the facts shown as to whether the company was negligent or not. That being so, the finding of a court or jury on that point is conclusive here. The fact that the court held that there was no evidence of negligence does not alter the case and show that he did not consider the evidence. He was sitting as a trier of the facts, and the conclusion he drew from the undisputed facts was that they did not show negligence. As the burden was on the plaintiff to show negligence, the court therefore found for the defendant. To overturn that finding, we should have to conclude that there was no room for a difference of opinion on the question of negligence upon the facts proved, and that, the facts being established, it followed as a matter of law that the defendant was negligent. But, as before stated, we do not think the court can say that in this case. We are of the opinion that whether these facts showed negligence was a question for the jury or judge trying the facts.

Finding no error, the judgment is affirmed.